UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

-------------------------------------------------------------X
RODNEY ROBERT PIERRE, #15-A-4084,

Plaintiff,

-against-

NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT, ELMONT POLICE DEPARTMENT, TOWN OF ELMONT, NASSAU COUNTY JAIL SHERIFFS, ELMONT POLICE DEP. JOHN DOE 1-20, JANE DOE, NASSAU COUNTY JAIL SHERIFF JOHN DOE 1-10, JANE DOE, NUMC HOSPITAL NURSES AND DOCTORS, JOHN/JANE DOE SHEIFF [SIC] OF POLICE ELMONT POLICE DEPARTMENT, SGT. DRAKE,

Defendants.
-------------------------------------------------------------X

**ORDER TO SHOW CAUSE**
17-CV-06629(JMA)(SIL)

FILED
CLERK
4/10/2018 2:17 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, District Judge:**

On November 8, 2017, incarcerated *pro se* plaintiff Rodney Robert Pierre ("plaintiff") filed an *in forma pauperis* complaint against Nassau County (the "County"), the Nassau County Police Department ("NCPD"), the Elmont Police Department ("EPD"), the Town of Elmont (the "Town"), the Nassau County Sheriff "NCS"), Nassau County Corrections Sergeant Drake ("Sgt. Drake"), the Sheriff of the Elmont Police Department ("ES"), and a number of John and Jane Does, some of whom are alleged to be nurses and doctors at Nassau University Medical Center and others whom are alleged to be law enforcement officers at the Jail, the NCPD, and the EPD ("John Does" and "Jane Does" and collectively, "defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging a deprivation of his Constitutional rights.

Because plaintiff did not file the required Prisoner Litigation Authorization Form ("PLRA") and because the *in forma pauperis* application submitted by plaintiff was unsigned, by Notice of Deficiency dated November 16, 2017 ("Notice"), plaintiff was instructed to complete

and return the enclosed *in forma pauperis* application and PLRA within fourteen (14) days from the date of the Notice. On December 11, 2017, plaintiff filed a signed *in forma pauperis* application, the PLRA, and a notice of change of address. Albeit untimely filed, the Court accepts plaintiff's submission. For the reasons that follow, the Court grants plaintiff's request to proceed *in forma pauperis* and **ORDERS PLAINTIFF TO SHOW CAUSE IN WRITING WITHIN THIRTY (30) DAYS FROM THE DATE OF THIS ORDER WHY HIS CLAIMS PERTAINING TO ANY EVENT PRIOR TO HIS INCARCERATION AT THE NASSAU COUNTY CORRECTIONAL CENTER SHOULD NOT BE DISMISSED AS BARRED BY THE STATUTE OF LIMITATIONS.**

## I. BACKGROUND[1]

Plaintiff's brief complaint is submitted on a Section 1983 claim form complaint. In its entirety, the statement of claim alleges:[2]

> Officers pulled over a taxi cab and ask me to step out of the vehicle. I informed the officer that I am a St. John's law student and I would like to be able to first question this stop and be able to call my lawyer. Immediately when I reached for my phone I was attacked by Doe/Jane defendants. The Elmont Police Dept. attack me for a long time. Hospital refused to give me medical treatment and attention after instructed by officers not to treat me. I asked for an x-ray on my back and stiches on my left hand. I still have multiple problems dealing with my back and pain in my shoulder. Nurses/doctors Jane/John Does 1-10 at hospital. Nassau County Jail I was mazed, attack, sexually assaulted, and thrown in the box. They denied me my mental health medication before I went to court and this is how everything started in Nassau County. Sgt. Drake gave orders for his officers to remove me from court cells and teach me a lesson because after he asked if I will inform my lawyer about not receiving proper mental medication before arriving in court. I answered yes I have to tell my lawyer about the mistreatment. After that the attack continued in my cell. Photos was taken and video surveillance should be

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

[2] Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

available.

(Compl. ¶ II. D.) In the space on the form complaint that calls for a description of any claimed injuries, plaintiff alleges "shoulder injuries, back injuries, scar on left hand, denial of medical attention, [indecipherable] violation of correction officers." (*Id.* ¶ III.) For relief, plaintiff seeks to recover a damages award in the sum of $30 million. (*Id.* ¶ V.)

Plaintiff does not include the date(s) of the events alleged in the complaint. However, in the section of the form complaint that inquires about exhaustion of administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(2), plaintiff alleges that the "IG came to see me in 2014" about these claims. (*Id.* ¶ IV. B, D-E).

## II. DISCUSSION

### A. *In Forma Pauperis* Application

Upon review of plaintiff's declarations in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fees. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed *in forma pauperis* is granted.

### B. Standard of Review

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss

the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

While the law mandates dismissal on any of these grounds, the Court is obliged to afford *pro se* submissions wide interpretational latitude and should hold them "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

**C. Statute of Limitations**

Generally, "[t]he statute of limitations applicable to claims brought under . . . [§] 1983 in New York is three years." Patterson v. Cnty. of Oneida, N.Y., 375 F.3d 206, 225 (2d Cir. 2004); Milan v. Wertheimer, 808 F.3d 961, 963 (2d Cir. 2015). However, "[s]tatutes of limitations are generally subject to equitable tolling where necessary to prevent unfairness to a plaintiff who is not at fault for h[is] lateness in filing." Gonzalez v. Hasty, 651 F.3d 318, 322 (2d Cir. 2011) (internal quotation marks omitted). In the context of prisoner rights litigation, the Second Circuit has recognized that the applicable statute of limitations must therefore "be tolled while a prisoner completes the mandatory exhaustion process." Id. at 324. Otherwise, the Second Circuit reasoned, prisoners would face a "catch-22" - - either file an action prior to exhausting all administrative remedies and risk dismissal for failure to exhaust, or wait until all administrative remedies are exhausted and risk dismissal based on untimeliness. Id. at 323.

Here, plaintiff's claims relating to any incident prior to his incarceration at the Nassau County Correctional Center are not subject to Section 1997e(a)'s exhaustion requirement because they do not relate to "prison conditions." Thus, such claims are not subject to equitable tolling

during the grievance process and are generally timely if brought within three years from accrual. Section 1983 claims accrue "when the plaintiff knows or has reason to know of the injury which is the basis for his action." Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002) (internal quotation marks omitted). Here, because plaintiff does not allege when he was "pulled over" and "attack[ed]" by police officers, the Court cannot assess whether such claims are timely. However, the Court suspects that they are not given that the complaint was filed on November 8, 2017 and plaintiff alleges that he met with the "IG" in 2014.

Under extraordinary circumstances, the statute of limitations for a § 1983 claim can be equitably tolled. See Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." A.Q.C. ex rel. Castillo v. United States, 656 F.3d 135, 144 (2d Cir. 2011) (internal quotation marks omitted). The Second Circuit has explained that the type of situation warranting equitable tolling is one "where a plaintiff could show that it would have been impossible for a reasonably prudent person to learn about his or her cause of action." Pearl, 296 F.3d at 85. The Second Circuit has cautioned that, despite the obligation of district courts under 28 U.S.C. § 1915 to *sua sponte* dismiss cases that fail to state a claim, *pro se* plaintiffs must be given the opportunity to demonstrate grounds for equitable tolling before a complaint is dismissed on the basis of the statute of limitations. See Abbas v. Dixon, 480 F.3d 636 (2d Cir. 2007); see also Perez v. Cuomo, No. 09 Civ. 1109, 2009 WL 1046137, at *6 (E.D.N.Y. April 17, 2009).

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. Abbas, 480 F.3d at 640. However, dismissal is appropriate where the existence of an affirmative defense, such as statute of limitations, is apparent from the face of the pleading. See Walters v. Indus. and Commercial Bank of China, Ltd., 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action

*sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (internal quotation marks and citation omitted); Pino v. Ryan, 48 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds); see also Abbas, 480 F.3d at 640 (concluding that district court should grant notice and an opportunity to be heard prior to dismissing complaint *sua sponte* on statute of limitations grounds). Accordingly, **IF PLAINTIFF INTENDS TO PROSECUTE THIS LAWSUIT, HE MUST, WITHIN THIRTY (30) DAYS FROM THE DATE OF THIS ORDER, EITHER: (1) FILE A WRITTEN RESPONSE TO THIS ORDER TO SHOW CAUSE DEMONSTRATING WHY HIS CLAIMS PERTAINING TO ANY EVENT PRIOR TO HIS INCARCERATION AT THE NASSAU COUNTY CORRECTIONAL CENTER SHOULD NOT BE DISMISSED AS BARRED BY THE STATUTE OF LIMITATIONS, OR (2) INDICATE BY LETTER TO THE COURT THAT HE CONCEDES THAT SUCH CLAIMS ARE UNTIMELY, BUT STILL INTENDS TO PROSECUTE THE OTHER CLAIMS IN THIS LAWSUIT.**

**FAILURE TO RESPOND TO THIS ORDER WITHIN THE TIME ALLOWED MAY RESULT IN THE DISMISSAL OF THE ENTIRE ACTION WITHOUT PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b).**

## III. CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed *in forma pauperis* is granted. **IF PLAINTIFF INTENDS TO PROSECUTE THIS LAWSUIT, HE MUST, WITHIN THIRTY (30) DAYS FROM THE DATE OF THIS ORDER, EITHER: (1) FILE A WRITTEN RESPONSE TO THIS ORDER TO SHOW CAUSE DEMONSTRATING THAT HIS CLAIMS PERTAINING TO ANY EVENT PRIOR TO HIS INCARCERATION AT THE NASSAU COUNTY CORRECTIONAL CENTER SHOULD**

**NOT BE DISMISSED AS BARRED BY THE STATUTE OF LIMITATIONS, OR (2) INDICATE BY LETTER TO THE COURT THAT HE CONCEDES THAT SUCH CLAIMS ARE UNTIMELY, BUT STILL INTENDS TO PROSECUTE THE OTHER CLAIMS IN THIS LAWSUIT.**

**FAILURE TO RESPOND TO THIS ORDER WITHIN THE TIME ALLOWED MAY RESULT IN THE DISMISSAL OF THE ENTIRE ACTION WITHOUT PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b).**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: April 10, 2018
Central Islip, New York

___/s/ (JMA)___________________
Joan M. Azrack
United States District Judge