UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

RODNEY ROBERT PIERRE,

                      Plaintiff,

      v.

COUNTY OF NASSAU, NASSAU COUNTY POLICY DEPT., ELMONT POLICE DEPARTMENT, TOWN OF ELMONT, NASSAU COUNTY JAIL SHERIFFS, JOHN DOE 1–20 ELMONT POLICE DEP., JANE DOE NASSAU COUNTY JAIL SHERIFF, JOHN DOE 1–10 AND JANE DOE NUMC HOSPITAL NURSES AND DOCTORS, JOHN/ JANE DOE SHERIFF OF POLICE ELMONT POLICE DEPARTMENT, JOHN DOE, JANE DOE, NASSAU COUNTY JAIL/ SUPERINTENDENT, SGT. DRAKE, JOHN DOE 1–10 CORRECTIONAL CENTER, JANE DOE 1–10 ELMONT POLICE DEPARTMENT,

                      Defendants.

**MEMORANDUM AND ORDER**

17-CV-6629 (LDH) (RER)

---

LASHANN DEARCY HALL, United States District Judge:

      Rodney Robert Pierre, proceeding pro se, brings the instant action against County of Nassau, Nassau County Police Department, Elmont Police Department, Town of Elmont, Nassau County Jail Sheriffs, and various John and Jane Does[1] (collectively "Defendants") asserting claims for alleged deprivation of constitutional rights pursuant to 42 U.S.C. § 1983 and the New York State Constitution. Defendants move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint in its entirety.

---

[1] Plaintiff names John Doe 1–20 Elmont Police Department, Jane Doe Nassau County Sheriff, John Doe 1–10 and Jane Doe Nassau County Medical Center Hospital Nurses and Doctors, John/Jane Doe Sheriff of Police Elmont Police Department, John Doe, Jane Doe, Nassau County Jail/Superintendent, Sergeant Drake, John Doe 1–10 Correctional Center, and Jane Doe 1–10 Elmont Police Department.

1

## BACKGROUND[2]

On or about October 18, 2014, Plaintiff was driving a taxicab when officers pulled him over and asked him to step out of the vehicle. (Compl. 3, ECF No. 1; Pl.'s Am. Facts 3, ECF No. 17.) Plaintiff informed the officers that he was a law student at St. John's University and that he wanted to call his lawyer immediately to question the stop. (Compl. 3.) When Plaintiff reached for his phone, the officers "attacked" him for "a long time." (*Id.*) After the attack, Plaintiff was transported to Nassau County Medical Center where he remained overnight. (Pl.'s Am. Facts 4.) Per the officers' instruction, Nassau County Medical Center refused to treat Plaintiff's injuries. (*Id.*) Specifically, Plaintiff alleges that he was refused an x-ray of his back and stiches on his left hand. (*Id.*)

Plaintiff was subsequently transported to Nassau County Jail. (*Id.*; Compl. 3.) There, between October 31, 2014 and November 5, 2014, Plaintiff was "ma[c]ed, attack[ed], sexually assaulted, and thrown in the box." (*Id.*; Pl.'s Am. Facts 4–5.) While in custody, Plaintiff alleges that he was also denied mental health medication and berated with racial epithets by officers. (Compl. 3; Pl.'s Am. Facts 4.) And, at some point, Sgt. Drake ordered officers to "teach [Plaintiff] a lesson" because Plaintiff told the officers that he would inform his lawyer that he

---

[2] Unless otherwise noted, the following facts are taken from the complaint, Plaintiff's statement of amended facts, and Plaintiff's declaration attached to his opposition to the instant motion and are assumed to be true for the purposes of this memorandum and order. *See Washington v. James,* 782 F.2d 1134, 1138-39 (2d Cir. 1986) (reversing where the district court did not consider pro se plaintiff's affidavit in opposition to a Rule 12(b)(6) motion as having effectively amended the complaint); *Perez v. Ponte*, 236 F. Supp. 3d 590, 603 (E.D.N.Y. 2017) ("In the instant case, because Plaintiff is proceeding in a pro se capacity, and in furtherance of its obligation to construe pro se pleadings liberally, the Court will consider the factual allegations set forth in Plaintiff's opposition papers to the extent such facts are related to and consistent with his Complaint."), *report and recommendation adopted*, 16-CV-645 (JFB) (AKT), 2017 WL 1050109 (E.D.N.Y. Mar. 15, 2017); *Sommersett v. City of New York*, 09-CV-5916, 2011 WL 2565301, at *3 (S.D.N.Y. 2011) ("[W]here a pro se plaintiff has submitted other papers to the Court . . . the Court may consider statements in such papers to supplement or clarify the plaintiff's pleaded allegations.").

was not receiving "proper mental medication." (*Id.*) Plaintiff was subsequently attacked in his jail cell and sustained severe injuries to his shoulder, back, and left hand. (*Id.*)

Plaintiff deposited his complaint in an official depository under the exclusive care and custody of the New York State Department of Corrections and Community Supervision on October 13, 2017. (Pl.'s Opp'n, Ex. A, ECF No. 34.) The instant action was filed on November 8, 2017. (*See* Compl.)

## STANDARD OF REVIEW

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of defendants' liability for the alleged misconduct. *Id*. While this standard requires more than a "sheer possibility" of defendants' liability, *id*., "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient[.]" *Id*. (citations omitted).

Moreover, where, as here, a plaintiff is proceeding pro se, his pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 55 U.S. 89, 94 (2007) (per

curiam)). This rule is "particularly so when the pro se plaintiff alleges that her civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). Still, "even pro se plaintiffs asserting civil right[s] claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

Defendants argue that Plaintiff's complaint should be dismissed as untimely. (Defs.' Mot. Dismiss ("Defs.' Mot.") 8–10, ECF No. 32.) The Court disagrees.

"[T]he appropriate statute of limitations for § 1983 actions brought in New York is [N.Y.C.P.L.R.] § 214(2), which specifies a three-year limitations period . . . ." *Pauk v. Bd. of Trustees of City Univ. of New York*, 654 F.2d 856, 861 (2d Cir. 1981). Defendants argue that "the statute of limitations expired between October 14, 2017 for any claims regarding Plaintiff's arrest, and November 5, 2017 regarding Plaintiff's treatment in Nassau County Jail." (Defs.' Mot. 10.) Defendants further argue that because the complaint was filed on November 8, 2017, after the 3-year statute of limitations expired, the complaint is time-barred. (*See id.*) Defendants' arguments ignore the prison mailbox rule.

Under the prison mailbox rule, a pro se prisoner's complaint is deemed filed when it is "delivered to prison officials for transmittal to the court." *Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993), *opinion modified on reh'g*, 25 F.3d 81 (2d Cir. 1994). Here, Plaintiff avers that he deposited his complaint in an official depository under the exclusive care and custody of the New York State Department of Corrections and Community Supervision on October 13, 2017—

4

23 days before the end of the statute of limitations period.  (Pl.'s Opp'n 1, Ex. A.)  Defendants fail to counter Plaintiff on this point.  Accordingly, Plaintiff's complaint is timely.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is DENIED.

SO ORDERED.

Dated: Brooklyn, New York  
      September 8, 2020

/s/ LDH  
L<small>A</small>SHANN D<small>E</small>ARCY HALL  
United States District Judge

5